IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MARK HUTTON and CLEAR MEADOW
INVESTMENT LLC,

      Plaintiffs,

vs.                                          Case No. 07-2041-JTM

DEUTSCHE BANK AG, *et al.*

      Defendants.

MEMORANDUM ORDER

Plaintiffs Mark Hutton (Hutton) and Clear Meadow Investment LLC's (Clear Meadow) seek reconsideration and vacation of this court's March 21, 2008 order (Dkt. No. 70). For the following reasons, the court denies the motion.

I. STATEMENT OF FACTS

Plaintiffs are Mark Hutton, and his affiliated entity, Clear Meadow, a construction company based in Wichita, Kansas. According to the complaint, Hutton was advised by defendant Daniel Brooks, Jr. that he could potentially earn a substantial rate of return by investing in the foreign currency markets. Hutton took that advice and implemented the foreign currency market-linked deposit strategy (MLD strategy) in late 2001. At some unspecified date after Brooks introduced him to the MLD strategy, Hutton formed Clear Meadow, which is wholly owned by Hutton and treated for federal tax purposes as a disregarded entity. Ultimately, Hutton suffered a loss on his 2001 tax returns, and was later audited by the Internal Revenue

1

Service (IRS) and Kansas tax authorities. Hutton brings this action on his own behalf as well as a putative class seeking to recover losses allegedly arising from "over 19 tax strategies that the federal government has found to be unregistered tax shelters," including the MLD strategy challenged by the IRS and state taxing authorities.

Hutton claims that he was misled by the defendants, his own attorneys and other advisors who introduced him to and advised him regarding the MLD strategy. In the amended complaint, plaintiffs assert the following claims against all the defendants: (1) violations of state deceptive trade practices acts and the Racketeer Influenced and Corrupt Organizations Act (RICO); (2) breach of fiduciary duty; (3) inducing breach of fiduciary duty; (4) fraud; (5) negligent misrepresentation; (6) civil conspiracy; (7) restitution or recoupment of unethical, excessive, illegal and unreasonable fees and unjust enrichment; and (8) declaratory relief.

Defendants filed a motion to dismiss all of the above claims. On March 24, 2008, this court granted defendants Deutsche Bank AG and Deutsche Bank Securities, Inc's (Deutsche Bank) motion to dismiss plaintiffs' class action complaint (Dkt. No. 10), and defendant Société Générale's (SG) motion to dismiss (Dkt. No. 48), holding that all of the plaintiffs' claims were barred by the statute of limitations. Plaintiffs have now filed a motion to reconsider arguing that the claims were not time barred.

## II. LEGAL STANDARD FOR A MOTION TO RECONSIDER

Federal Rule of Civil Procedure 59(e) allows a party to file a motion to amend or alter a previous judgment within 10 days after the entry of that judgment, but is only proper in a limited number of situations, including "(1) an intervening change in controlling law, (2) the availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice." *Renfro v.*

2

*Spartan Computer Servs., Inc.*, 2008 WL 1924946 at *1 (D. Kan. 2008).  A motion to reconsider is not appropriate for the purpose of rearguing issues already considered, or to make a new argument.  *Eckman v. Superior Indus. Intern., Inc.*, 2007 WL 2333348 at *1 (D. Kan. 2007).  Rather "a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law."  *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

### III. ANALYSIS

As just noted, a motion to reconsider is only proper if at least one of three conditions are met.  *Renfro*, 2008 WL 1924946 at *1.  In this case, the plaintiffs do not meet any of these conditions.  First, no intervening change in the law has occurred between this court's ruling on defendants' motion to dismiss and plaintiffs' filing their motion to reconsider.  Next, plaintiffs have not shown that new evidence has been discovered which would alter the court's previous judgment.  The court considered all evidence, including the IRS Disclosure Initiative, when it granted defendants' motion to dismiss.  Finally, plaintiffs have not shown clear error or manifest injustice.  Therefore, plaintiffs' motion to reconsider is denied.

Even if the motion to reconsider met the Fed. R. Civ. P 59(e) standard, the plaintiffs' arguments fail on the merits, as explained below.  The plaintiffs argue: (1) that the court impermissibly considered documents outside of the complaint in ruling on the defendants' motion to dismiss and instead should have converted it into a motion for summary judgment; (2) that the statute of limitations should have began to run only after the plaintiffs received the notice of deficiency from the IRS; and (3) that genuine issues of material fact exist as to when the plaintiffs' injuries became reasonably ascertainable.

*1. Whether the Court Improperly Considered the IRS Disclosure Statement*

Plaintiffs argue that it was improper for the court to consider the IRS Disclosure Initiative because it was not contained or incorporated into the plaintiffs' complaint. The defendants counter that plaintiffs' argument is merely an attempt to relitigate a new issue because plaintiffs were aware of the disclosure initiative when they challenged the motion to dismiss, but failed to argue this issue. In deciding a motion to dismiss, a court may look at the complaint and any documents attached to the complaint. *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2001). "The failure to convert a 12(b)(6) motion to one for summary judgment where a court does not exclude outside materials is reversible error unless the dismissal can be justified without considering the outside materials." *GFF Corp. v. Associated Wholesale Grocers*, 130 F.3d 1381, 1384 (10th Cir. 1997). However, if "the document is referred to in the complaint and is central to the plaintiff's claim, a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss." *Id.* "'[T]he district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity.'" *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007) (quoting *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir.2002)).

Here, the IRS Disclosure Initiative was referenced, but not incorporated into the complaint (Dkt. No. 1). The defendants' motion to dismiss also referenced, but did not attach the disclosure initiative. Nevertheless, the district court may consider a document referred to even if not incorporated into the complaint or into the motion to dismiss so long as neither party disputes its authenticity. *See Alvarado*, 493 F.3d at 1215. Neither party disputes the authenticity

of the disclosure initiative. Deutsche Bank referred to it in its motion to dismiss, and plaintiffs attached it to its motion to reconsider. Given its use and by inference, its validity, the court did not err in considering it in granting defendants' motion to dismiss. Additionally, the disclosure initiative is not new evidence. Thus, plaintiffs' motion fails to satisfy these requirements.

### 2. *Statute of Limitations*

In Kansas the statute of limitations for tort claims begins to run when:

> the act giving rise to the cause of action first causes substantial injury, or, if the fact of the injury is not reasonably ascertainable until some time after the initial act, then the period of limitation shall not commence until the fact of the injury becomes reasonably ascertainable to the injured party, but in no event shall an action be commenced more than 10 years beyond the time of the act giving rise to the cause of action.

Kan. Stat. Ann. § 60-513(b). "The true test to determine when an action accrues is that point in time at which the plaintiff could first have filed and prosecuted his action to a successful conclusion." *Kan. Pub. Employees Ret. Sys. v. Reimer & Koger Assocs., Inc.*, 262 Kan. 110, 116, 936 P.2d 714, 719 (1997) (quotation omitted). The first issue to resolve regarding the commencement of the statute of limitations is whether plaintiffs' underlying and unresolved tax dispute with the IRS is sufficient to toll the statute of limitations.

#### a. Statute of Limitations and Plaintiffs' Underlying Tax Dispute

Plaintiffs argue that the statute of limitations does not begin to run until the underlying tax dispute is settled. Kansas law provides that a claim for legal malpractice has not accrued if the plaintiff is in the middle of a disputed claim proceeding with the IRS. *Berberich v. Payne & Jones,* 3 F. Supp. 2d 1199, 1203 (D. Kan. 1998). When dismissing this case, this court noted that the *Berberich* court ultimately dismissed the suit as premature (Dkt. No. 69). Additionally, as plaintiffs argue in their motion to reconsider, the Kansas Court of Appeals held that a

plaintiff's action was not time barred against a tax preparer because the two-year statute of limitations did not begin to run until the date the penalty was assessed. *See Bick v. Peat Marwick & Main*, 799 P.2d 94, 100-01 (Kan. App. 1990). Because the plaintiffs filed within that period, their claim was not time-barred.

As noted before, plaintiffs' *Berberich* argument would result in dismissal for lack of ripeness because the claim has not even began to run. The result would be the same under *Bick*. This court finds *Seippel v. Jenkins & Gilchrist, P.C.*, particularly applicable to the statute of limitations issue in this case. 341 F. Supp. 2d 363 (S.D.N.Y. 2004). The *Seippel* plaintiffs' allegations were similar to the allegations in this case, and that court held that while the underlying IRS dispute had not been resolved, it did not mean that the case was not ripe. *See id.* at 371. *Seippel* is not binding authority, but this court finds it persuasive. On reconsideration, this court holds plaintiffs' injury became reasonably ascertainable for statute of limitations purposes before the underlying IRS dispute was resolved. Plaintiffs did not present any new case law that would alter the outcome of this case. Thus plaintiffs' motion fails on this ground as well. *See Renfro*, 2008 WL 1924946 at *1.

<u>b. Whether Reasonable Questions of Fact Exist as to the Commencement of the Statute of Limitations</u>

The plaintiffs, relying on *Mills v. Garlow*, 768 P.2d 554 (Wyo. 1989) and *LaMure v. Peters*, 924 P.2d 1379 (N.M. App. 1996), argue that in faulty tax advice cases, the statute of limitations does not begin to run until the plaintiff receives a statutory notice of deficiency, or until the plaintiff is assessed civil tax penalties. Both cases are accountant malpractice cases in which the plaintiffs had no reason to know that they had been harmed prior to the notice of deficiency. Following statutes of limitations similar to those in Kansas, those courts held the

notice of deficiency marked the time the plaintiffs' injuries became reasonably ascertainable. Here, plaintiffs received a statutory notice of deficiency on August 24, 2005, and have not been assessed civil tax penalties.

Defendants respond that plaintiffs made this argument in their response to the motion to dismiss and thus are not appropriate arguments for a motion to reconsider. Defendants go on to argue that even if this was a proper argument on reconsideration, the exercise of reasonable diligence would have allowed plaintiffs to discover the injury by looking at the IRS Disclosure Initiative, which was sent to plaintiffs on January 14, 2002. Defendants also cite two news articles as additional pieces of information through which plaintiffs should reasonably have ascertained their injury. Defendants rely on a case from the United States Court of Appeals for the Eighth Circuit, applying Kansas law to support this proposition. *See Kan. Pub. Employees Ret. Sys. v. Blackwell, Sanders, Matheny, Weary & Lombardi, L.C.*, 114 F.3d 679, 689 (8th Cir. 1997) (holding that news articles were sufficient to alert plaintiffs of reasonably ascertainable injury).

In the court's view, the plaintiffs' injury became reasonably ascertainable well before they received the deficiency notices on August 24, 2005. Once again, following the *Seippel* court's reasoning:

> The fact that the Seippels may not ultimately owe the tax authorities additional taxes does not mean that their action is not ripe. The Seippels allege that they have been damaged, and continue to be damaged, as a result of defendants' conduct. Their damages include the fees paid to defendants, losses incurred in the COBRA transactions, expenses paid to accountants and attorneys that are assisting the Seippels in defending the audits, losses caused as a result of being forced to sell assets at distressed prices to meet tax obligations, and tax penalties already assessed and paid. These injuries are immediate and definite, and therefore satisfy the case or controversy requirement contained in Article III of the Constitution.

*Seippel*, 341 F. Supp. 2d at 371.  Although the *Seippel* court dealt with ripeness rather than the statute of limitations, the same analysis is still applicable.  Here, the plaintiffs' injury became reasonably ascertainable when the losses on taxes and the Cobra tax shelters occurred.  The losses occurred much earlier than plaintiffs received the statutory notice of deficiency from the IRS, and plaintiffs were made aware of those losses.  As a result, the date of the statutory notice is not the proper date from which to commence the running of the statute of limitations.

## IV. CONCLUSION

None of the Fed. R. Civ. P. 59(e) conditions having been met; plaintiffs' motion for reconsideration fails.

IT IS ACCORDINGLY ORDERED this 10th day of March, 2009, that plaintiffs Mark Hutton and Clear Meadow Investment LLC's motion to reconsider (Dkt, No. 70), is denied.

s/ J. Thomas Marten<br>
J. THOMAS MARTEN, JUDGE